**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NAUSHEEN ZAINULABEDDIN,

    Plaintiff,

v.                                          Case No: 8:16-cv-637-T-30TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss and for More Definite Statement (Dkt. 4), and Plaintiff's Response in Opposition (Dkt. 6). The Court has reviewed the pleadings, the complaint and its attachments, and the applicable law. As specified below, the Court concludes that the motion should be denied.

### FACTUAL BACKGROUND

In 2009, Plaintiff Nausheen Zainulabeddin enrolled in the Doctor of Medicine Program at the University of South Florida in the hopes of becoming a medical doctor. Her student tenure, however, was short-lived. According to allegations in Zainulabeddin's complaint, she failed her first-year final exams and was placed on academic probation; she later failed two more courses, after which, in January 2012, she was dismissed from the university for poor academic performance; she appealed her dismissal and lost. (Dkt. 2, pp. 8-13).

Zainulabeddin's complaint also alleges that, long before dismissing her, the university had misread a disability diagnosis found in a neuropsychological exam performed on Zainulabeddin and consequently failed to inform her of that disability—specifically, Attention Deficit Hyperactivity Disorder (ADHD)—even though the exam and the diagnosis were performed by a USF medical provider at the university's behest. Zainulabeddin also alleges that the university failed to provide her reasonable disability accommodations; that USF, by failing to provide these accommodations, wrongfully dismissed her from the medical school; that although USF readmitted her upon learning of its failure to recognize her ADHD diagnosis, the university did not refund tuition that it was contractually obligated to refund; and that USF wrongfully readmitted Zainulabeddin in an "academic probation" status. (Dkt. 2, pp. 12-15).

Finally, Zainulabeddin's complaint alleges that, after she was readmitted, USF subjected her to disparate treatment and retaliation for her disability and for her being on academic probation and a "readmitted" student. (Dkt. 2, pp. 19-20).

Zainulabeddin later received failing grades in two courses—Doctoring II and Evidence Based Clinical Reasoning II. Because of these failures, on March 14, 2013, she was again dismissed from the medical school. On May 28, 2013, she lost her appeal, and USF issued a final notice of dismissal. (Dkt. 2, pp. 26-27).

On May 12, 2015, Zainulabeddin's counsel wrote to the dean of the medical school, outlining Zainulabeddin's grievances against the university and providing the university with pre-suit notice of a claim against it, as required by Florida Statutes Section 786.28(6). (Dkt. 2-1, pp. 2-6). That letter referred to a university official's negligent representation to

2

Zainulabeddin that she was not in fact diagnosed with ADHD, which resulted in her January 2012 dismissal. Zainulabeddin learned of this misrepresentation, the letter alleged, in February 2012. (Id.)

Zainulabeddin filed this lawsuit in March 2016. The complaint contains six counts. The first four are state law claims: Count 1 for breach of fiduciary duties; Count 2 for negligent misrepresentation; Count 3 for breach of contract; and Count 4 for unjust enrichment. Counts 5 and 6 are alleged violations of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* Count 5 alleges disparate treatment on the basis of a disability and Count 6 alleges that USF retaliated against Zainulabeddin for her having that disability.

## DISCUSSION

Now USF moves to dismiss, with prejudice, Counts 1 through 4, and seeks a more definite statement on Counts 5 and 6. USF argues that Counts 1 and 2 are time-barred by Florida's sovereign immunity statute, which states that lawsuits against a state agency are only permitted if "the claimant presents the claim in writing to the appropriate agency . . . within 3 years after such claim accrues." Fla. Stat. § 768.28(6)(a). USF argues that Counts 3 and 4 must be dismissed because Zainulabeddin cannot identify a contract between her and USF, and, without one, those Counts must fail.

As discussed below, these arguments lack the benefit of discovery and are thus premature. For this reason, the Court rejects them. The Court also rejects USF's arguments for a more definite statement and therefore will not order Zainulabeddin to supply one.

**Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *La Grasta v. First Union Securities, Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004) (internal citations omitted). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

    I.    **Statute of Limitations**

USF argues that Counts 1 and 2 must be dismissed because, according to Zainulabeddin's complaint and its attachments, she learned of USF's breach of its fiduciary

duties and its negligent misrepresentation in February 2012 but did not provide notice to USF until May 2015, months after Florida's agency-notice requirement had expired. (Dkt. 4, p. 3). Citing the Florida Supreme Court's conclusion that this requirement is a condition precedent to a lawsuit and must be "strictly construed," *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988), USF argues that dismissal with prejudice is the appropriate remedy. *See id.*

In related cases against other Florida state agencies, Florida courts and courts in this district have agreed. *See, e.g.*, *Infante v. Whidden*, No. 2:12-cv-41-FtM-29UAM, 2013 WL 5476022, *5-6 (M.D. Fla. Sept. 30, 2013); *Noell v. White*, No. 8:04-CV-2142-T-24TBM, 2005 WL 1126560, *7 (M.D. Fla. May 12, 2005); *Doe ex rel. Doe's Mother v. Sinrod*, 90 So. 3d 852, 856-57 (Fla. 4th DCA 2012).

On the other hand, a statute of limitations bar is generally "an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations and quotation marks omitted). At the motion to dismiss stage, a dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *Id.* (citing *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002). Courts dismissing actions under Florida's three-year agency-notice requirement do so on a finding that notice was not provided, and clearly could not have been provided, in the allotted time. *See, e.g.*, *Infante*, 2013 WL 5476022, at *7; *Noell*, 2005 WL 1126560, at *7 ("the Court notes that this defect cannot be cured . . . .").

Here, Zainulabeddin's complaint and her response to USF's motion contain allegations that raise the spectre of equitable estoppel. Specifically, Zainulabeddin refers to USF's decision to readmit Zainulabeddin after it had breached its fiduciary duty and negligently misread her disability diagnosis. This decision, Zainulabeddin argues, caused Zainulabeddin to forego legal action, which, in turn, precludes USF from invoking the statute of limitations as a basis for dismissal.

Zainulabeddin's argument prevails—for now at least. According to the Florida Supreme Court, "[t]he preclusive effect of the statutes of limitation can be deflected by various legal theories, including the doctrine of equitable estoppel." *Fla. Dept. of Health and Rehabilitative Serv.'s v. S.A.P.*, 835 So. 2d 1091, 1096 (Fla. 2002). And "[t]he doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury." *Id*. at 1097 (internal quotations marks and citations omitted). Read in the light most favorable to her, Zainulabeddin's complaint makes plausible the conclusion that, by readmitting her upon discovering her ADHD diagnosis, USF acted in a way to induce Zainulabeddin to believe that USF would consider Zainulabeddin's ADHD a Rehabilitation Act-protected disability and treat her accordingly under the law. Her complaint also makes plausible the conclusion that USF did not so act. This plausibility prevents dismissal. *See Iqbal*, 556 U.S. at 678.

Whether facts ultimately support Zainulabeddin's argument is a different question, one appropriate for the summary judgment stage. On Counts 1 and 2, the motion to dismiss will be denied.

## II. Stating a Claim for Breach of Contract

To state a claim for a breach of contract, a plaintiff must plead three elements, which are (1) a valid contract, (2) a material breach, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing Florida law). Counts 3 and 4 allege that USF breached a contract with Zainulabeddin when it failed to fully refund tuition Zainulabeddin paid for courses she failed or from which she withdrew.

USF seeks dismissal on the grounds that Zainulabeddin cannot identify a valid written contract, but only a student handbook, which is not a contract under Florida law. This argument, however, is only half correct. It is true that Florida law only waives sovereign immunity for written, not implied contracts, *Pan–Am Tobacco v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984), and that student handbooks generally do not, standing alone, constitute written contracts. *See Jallali v. Nova Southeastern University, Inc.*, 992 So. 2d 338, 342 (Fla. 4th DCA 2008).

But at this stage of the proceeding, Zainulabeddin does not need to identify a written contract, but merely allege one. This she has plainly done. The complaint alleges that "Zainulabeddin entered into a contractual relationship with the University of South Florida," one in which "[s]ome terms . . . [were] contained within the University of South Florida College of Medicine Medical Student Handbook." (Dkt. 2, p. 37). This factual pleading is sufficient to survive a motion to dismiss. Whether the allegation will be

7

supported by evidence is a question for summary judgment. On Counts 3 and 4, USF's motion will be denied.

**Motion For More Definite Statement**

Federal Rule of Civil Procedure 12(e) permits district courts to order a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Such orders are appropriate for "shotgun" complaints, those multi-count complaints that re-allege every allegation for every count, and by doing so, make "it [] impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

Here, Zainulabeddin's complaint is far from a model of efficiency, and Counts 5 and 6 do take the condemned tack of re-alleging all previous 125 allegations, many of which bear no relation to those counts. *Compare* Dkt. 1, pp. 45, 50; *with Cosby v. Lee Cnty.*, 55 F. Supp. 1393, 1398 (M.D. Fla. 2014). (The Court further advises that the margins in the complaint are needlessly large; one inch is sufficient.)

This does not make hers a shotgun complaint. Zainulabeddin saves Counts 5 and 6 by pleading additional allegations (some of which are redundancies) specifically germane to those counts. Count 5, for example, contains an additional thirteen numbered paragraphs and eight lettered sub-paragraphs, all of which address the essence of that count—disparate treatment. Count 6 contains eighteen numbered paragraphs specific to that count—retaliation. These allegations sufficiently direct USF to the allegations that are intended to support those counts. *Cf. Cosby*, 55 F. Supp. at 1399.

Indeed, while USF's motion challenges the form and length of the complaint, and cites cases generally condemning similar forms and lengths, it makes no argument for how the complaint as pled would confuse USF's answer; rather, it only notes that the complaint presents "obvious difficulties." (Dkt. 4, p. 9). So do all complaints, among them the requirement of an answer. To grant a motion for a more definite statement in the absence of genuine confusion would frustrate the very goals Rule 12(e) seeks to promote. *See* Fed. R. Civ. P. 12(e); *see also Anderson*, 77 F. 3d at 367 (citing docket management as among the goals underlying Rule 12(e)). Accordingly, USF's motion for a more definite statement will be denied.

It is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and For More Definite Statement (Dkt. 4) is DENIED.

2. Defendant shall file an answer within fourteen (14) days of the entry of this order.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of April, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record