UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAUSHEEN ZAINULABEDDIN,

   Plaintiff,

v.                                                        Case No: 8:16-cv-637-T-30TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

   Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. 48) and Motion for Recusal (Doc. 50). Upon review, the Court denies both motions.

*Motion for Recusal*

28 U.S.C. section 455(a) requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. "This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000).

Plaintiff argues that the Court should recuse itself because Judge James S. Moody, Jr.'s role as a member of the USF Economic Development Board and Chair of the USF School of Psychology Advisory Committee create a potentially significant conflict of interest for him. Judge Moody has not served on any board or committee for USF since the late 1990s, over seventeen years ago. In addition, he had no involvement with USF's Morsani College of Medicine ("USF MCOM"). Thus, no reasonable observer would

question his impartiality in this case, and the Court will deny Plaintiff's Motion for Recusal.

*Motion for Reconsideration*

Motions for reconsideration of orders are permitted when there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M. D. Fla. 2006), *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Management, Inc.*, 874 F. Supp. 2d 1353, 1359 (M. D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc.*, 434 F. Supp. 2d at 1301.

Plaintiff seeks reconsideration of the Court's April 19, 2017 order granting summary judgment in favor of Defendant. Plaintiff reargues many of the points made during the summary judgment proceedings. Although she attached over 350 pages of new documents as exhibits to her motion, none of these documents constitute newly discovered evidence. Some of the documents appear to have been in Plaintiff's possession since the initiation of her lawsuit, and others were provided to Plaintiff by Defendant during the

discovery period. Moreover, none of these documents persuade the Court that its prior order was clearly in error or manifestly unjust.[1]

The Court sympathizes with Plaintiff but is constrained to apply the law as it sees it. It must deny Plaintiff's Motion for Reconsideration.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration (Doc. 48) is denied.

2. Plaintiff's Motion for Recusal is denied. (Doc. 50)

**DONE** and **ORDERED** in Tampa, Florida, on May 3, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] If anything, Plaintiff's documents lend further support for the Court's legal conclusions in its April 19 order. Of note, Plaintiff attached documents indicating the U.S. Department of Education, Office for Civil Rights ("OCR") conducted an investigation to determine whether USF MCOM discriminated against Plaintiff on the basis of her disability when it denied her request to be readmitted to its program, and OCR concluded that there was insufficient evidence to establish a violation of the Rehabilitation Act.