UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAUSHEEN ZAINULABEDDIN,

    Plaintiff,

v.                                                                 Case No: 8:16-cv-637-T-30TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Tax Costs (Doc. 55) and Plaintiff's Response in Opposition (Doc. 64). The Court granted summary judgment in favor of Defendant and dismissed Plaintiff's case on April 19, 2017. Defendant now seeks to recover its taxable costs. Upon review, the Court will partially grant Defendant's motion.

    **I.**    **Defendant's Entitlement to Costs**

Courts should award prevailing parties their costs. Fed. R. Civ. P. 54(d)(1). However, courts may only tax costs authorized by statute. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Courts may tax costs enumerated in 28 U.S.C. § 1920, including fees for service, witnesses, and transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920; *U.S. E.E.O.C.*, 213 F.3d at 620. The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *See Fodor v. D'Isernia*, 599 F. App'x 375, 376 (11th Cir.), *cert. denied sub*

*nom. Fodor v. E. Shipbuilding Grp.*, 136 S. Ct. 146 (2015); *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). A party's failure to provide sufficient detail or documentation regarding the costs can be grounds to deny the costs. *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd*, 596 F. App'x 768 (11th Cir. 2015).

In this case, Defendant seeks to recover $5,802.15 in fees for (1) removal, (2) service, (3) deposition transcripts, (4) witnesses, and (5) a copy of Plaintiff's state court pleadings. Defendant has not demonstrated that it is entitled to the full amount requested. As discussed further below, the Court will award Defendant $5,382.15 in costs.

   *i.*   *Removal Fee*

A prevailing party can recover "fees of the clerk," including any filing fees paid. 28 U.S.C. § 1920(1); *Wiercioch v. Verizon Florida, LLC*, No. 8:11-CV-2129-T-30EAJ, 2013 WL 1442060, at *1 (M.D. Fla. Apr. 9, 2013) (removal fees "unquestionably covered by § 1920"). Defendant requests $400 in costs for the filing fee it paid to remove this action from state court to federal court. (Doc. 55-1, pgs. 2, 4.) Defendant is entitled to recover the $400 requested.

   *ii.*   *Fees for Service of Subpoenas*

A prevailing party can recover the costs it incurred using a private process server to serve subpoenas, but those costs cannot exceed the amount authorized by 28 U.S.C. § 1921. 28 U.S.C. § 1920(1); *U.S. E.E.O.C.*, 213 F.3d at 623-24. Pursuant to that statute and its implementing regulations, process servers shall be paid $65 per hour, plus travel costs and any other out-of-pocket expenses. 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3).

Defendant requests $343 in costs for serving seven subpoenas. (Doc. 55-1, pgs. 2, 5-11.) Defendant utilized private process servers, who charged $49 per subpoena. Defendant is entitled to recover the $343 requested.

    *iii.*    *Fees for Deposition Transcripts*

A prevailing party can recover costs incurred obtaining deposition transcripts if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *U.S. E.E.O.C.*, 213 F.3d at 620-21. A party's use of the deposition in a dispositive motion or inclusion of the deponent in its witness list tends to show that the deposition was necessarily obtained for use in the case. *See id.* at 621. However, even when the prevailing party did not ultimately use the deposition, a court may still award it the cost as long as "no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012).

Deposition costs incurred for the party's convenience—as opposed to necessity—are not recoverable. *U.S. E.E.O.C.*, 213 F.3d at 620. Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience. *E.g., Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2015 WL 12839237, at *9–11 (M.D. Fla. June 10, 2015), *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) (internal citations omitted). In addition, charges for shipping and handling are not recoverable. *Watson*, 492 F. App'x 991 at 997.

Defendant requests $4,870.15 for the cost of transcribing nine depositions, which includes the court reporter's attendance fee. (Doc. 55-1, pgs. 2, 12-20.) Defendant has

demonstrated that each deposition was necessarily obtained for use in the case. The Parties identified each of the deponents as a person with knowledge of the claims or defenses in this action and/or as a possible witness at trial. In addition, Defendant used many of the deposition transcripts in presenting its case. For example, Defendant cited to five of the deposition transcripts in its motion for summary judgment. There is no evidence that any of the depositions were unrelated to issues in the case at the time they were taken.

The Court will award Defendant costs for the nine depositions, but not the entire amount requested. The Court will not award Defendant the fees incurred for its convenience—those for the condensed transcripts and e-CD litigation support packages.

Defendant is entitled to recover $4,470.15 in fees for the depositions as calculated below:

| Transcript | Amount Requested | Reductions | Amount Awarded |
| --- | --- | --- | --- |
| N. Zainulabeddin | $1,811.50 | n/a | $1,811.50 |
| Specter | $657 | $60 (e-CD, condensed transcript) | $597 |
| Kumar | $334.25 | $40 (e-CD) | $294.25 |
| Y. Zainulabeddin | $169.20 | $60 (e-CD, condensed transcript) | $109.20 |
| Khawaja | $214.70 | $60 (e-CD, condensed transcript) | $154.70 |
| A. Zainulabeddin | $401.55 | n/a | $401.55 |
| Stock | $618.90 | $60 (e-CD, condensed transcript) | $558.90 |
| M. Zainulabeddin | $305.15 | $60 (e-CD, condensed transcript) | $245.15 |

| Roth | $357.90 | $60 (e-CD, condensed transcript) | $297.90 |
| **TOTAL** | **$4,870.15** | **$400** | **$4,470.15** |

*iv.   Fees for Witnesses*

A prevailing party can recover the fees it paid witnesses to attend court or depositions, but those fees cannot exceed the amount authorized by 28 U.S.C. § 1821. 28 U.S.C. § 1920(3); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). Pursuant to that statute, witnesses receive a payment of $40 per day and a mileage allowance. 28 U.S.C. § 1821.

Defendant requests $180 for payments made to four witnesses—$45 per witness. (Doc. 55-1, pgs. 3, 21-24.) Defendant did not indicate that any part of this fee was a mileage allowance, nor did it provide information from which the Court can determine the appropriate mileage allowance. Therefore, the Court will award Defendant only $40 per witness, for a total of $160.

*v.   Fees for Copies*

A prevailing party can recover costs incurred making photocopies of any documents "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party need not have used the copies in presenting its case as long as it "could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C.*, 213 F.3d at 623.

5

Defendant requests $9 for the cost of copying the pleadings Plaintiff filed in state court in case # 2016-CA-000669. (Doc. 55-1, pgs. 2, 25-26.) Defendant relied on these documents to file its Notice of Removal. Accordingly, Defendant is entitled to recover the $9 requested.

For the foregoing reasons, Defendant is entitled to recover a total of $5,382.15 in costs.

## II. Whether the Court Should Exercise its Discretion to Reduce Defendant's Costs Award

Plaintiff does not dispute the amount of taxable costs but instead argues that the Court should award Defendant no costs for reasons including that she is unable to pay a large costs award. The Court may, but need not, consider a non-prevailing party's financial status in awarding costs. *Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The non-prevailing party must provide "substantial documentation of a true inability to pay." *Id.*

Plaintiff has not provided the Court with sufficient documentation to indicate that she cannot pay the costs award. Although she attached over 200 pages of exhibits to the Response, only one page (Doc. 64-1, pg. 4) involves her financial situation. Standing alone, it does not substantiate Plaintiff's alleged inability to pay. Furthermore, it appears that Plaintiff receives approximately $2,900 a month in financial aid, which she uses to pay her living expenses. (Doc. 45.) It is not clear why she cannot set aside some of these funds to reimburse Defendant its costs—just as she seemingly did to pay her attorney's fees.

The Court must have a "sound basis" for denying Defendant the full amount of costs it incurred because "denial of costs is in the nature of a penalty for some defection." *Chapman,* 229 F.3d at 1039 (internal citations omitted). The Court has considered the arguments in the Response but does not see sufficient reason to penalize Defendant in this manner.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Tax Costs (Doc. 55) is granted in part and denied in part as explained herein.

2. Defendant is entitled to $5,382.15 in costs.

3. The Clerk of Court is directed to enter a Bill of Costs in the amount of $5,382.15 in favor of Defendant and against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida, on May 19th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record